### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Randolph Holmes,<br>      Plaintiff,<br><br>    v.<br><br>Village of Lynwood, Brandon Frederickson, and Kayvon Karimi,<br>      Defendants. | No.  14-cv-5804<br>Judge Sara L. Ellis<br>Magistrate Judge Susan E. Cox |

## JOINT INITIAL STATUS REPORT

The parties, by their respective counsel, submit the following Joint Initial Status Report in accordance with this Court's procedures.

1. The nature of the case:

    A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

    | Plaintiff Randolph Holmes | Defendant Brandon Frederickson |
    |---|---|
    | James D. Montgomery, Jr. (Lead) | Alison M. Harrington (Lead) |
    | John K. Kennedy | Joseph E. Urani |
    | JAMES D. MONTGOMERY & ASSOCIATES, LTD. | BEST, VANDERLAAN & HARRINGTON |
    | One North LaSalle Street, Suite 2450 | 400 E. Diehl Road, Suite 280 |
    | Chicago, IL  60602 | Naperville, IL  60563 |
    | (312) 977-0200 | (630) 752-8000 |
    | jamesjr@jdmlaw.com | aharrington@bestfirm.com |
    | jkennedy@jdmlaw.com | jurani@bestfirm.com |

    | Defendant Kayvon Karimi | Defendant Village of Lynwood |
    |---|---|
    | Paul A. O'Grady (Lead) | Brian P. Gainer (Lead) |
    | Dominick L. Lanzito | Monica Gutowski |
    | Patrick S. Wall | JOHNSON & BELL, LTD. |
    | PETERSON JOHNSON & MURRAY | 33 W. Monroe Street, Suite 2700 |
    | 200 W. Adams Street, Suite 2125 | Chicago, IL  60603 |
    | Chicago, IL  60606 | (312) 372-0770 |
    | (312) 782-7150 | gainerb@jbltd.com |
    | pogrady@pjmlaw.com | gutowskim@jbltd.com |
    | dlanzito@pjmlaw.com | |
    | pwall@pjmlaw.com | |

B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.

Plaintiff asserts that while he was at the Lynwood police station, defendant officers Brandon Frederickson and Kayvon Karimi used excessive force against him. In particular, plaintiff asserts that defendant Frederickson punched him multiple times, resulting in plaintiff losing consciousness and sustaining a concussion and a broken nose. Plaintiff asserts that defendant Karimi employed a takedown maneuver on him without justification. Plaintiff additionally asserts that defendant Karimi failed to intervene to protect him from defendant Frederickson's unlawful use of force.

Plaintiff's claims against the defendant officers are asserted under 42 U.S.C. § 1983 for alleged violations of plaintiff's Fourth Amendment rights (as incorporated by the Fourteenth Amendment). Plaintiff additionally asserts state-law battery claims against the defendant officers.

Plaintiff asserts a state-law claim for battery against defendant Village of Lynwood based on the doctrine of respondeat superior on the grounds that the officers were acting within the scope of their employment with the Village. Plaintiff additionally joins the Village as the indemnitor of the individual officers under 745 ILCS §§ 10/2-302 and 10/9-102.

Defendants dispute these claims.

C. Briefly identify the major legal and factual issues in the case.[1]

a. Whether plaintiff has stated a claim upon which relief can be granted.

b. Whether the force employed by defendant Frederickson violated plaintiff's Fourth Amendment rights.

c. Whether the force employed by defendant Frederickson subjects him to liability for civil battery under Illinois law.

d. Whether the force employed by defendant Karimi violated plaintiff's Fourth Amendment rights.

e. Whether the force employed by defendant Frederickson subjects him to liability for civil battery under Illinois law.

f. Whether defendant Karimi failed to intervene to prevent plaintiff from

---

[1] Plaintiff does not agree that all items in the list are or will prove to be major issues in the case.

      being subjected to defendant Frederickson's allegedly unlawful use of force, in violation of plaintiff's Fourth Amendment rights.

      g. As to plaintiff's federal-law claims, whether the individual defendants are entitled to qualified immunity.

      h. As to plaintiff's state-law claims, whether the individual defendants were executing or enforcing a law at the time plaintiff suffered harm, 745 ILCS § 10/2-202, and, if so, whether the individual defendants committed "willful and wanton conduct," 745 ILCS § 10/1-210.

      i. Whether plaintiff bears contributory fault.

      j. Whether plaintiff failed to mitigate his damages.

  D. State the relief sought by any of the parties.

    Plaintiff seeks an award of compensatory damages against all defendants; an award of punitive damages against defendants Frederickson and Karimi; and an award of attorney's fees and costs.

    Defendants seek dismissal of plaintiff's complaint with prejudice.

2. Jurisdiction:

  A. Identify all federal statutes on which federal question jurisdiction is based.

    42 U.S.C. § 1983; 28 U.S.C. § 1343.

  B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

    1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

      Not applicable. Plaintiff's state-law claims are brought pursuant to the Court's supplemental jurisdiction, but no jurisdictional minimum applies to those claims. This Court may not exercise diversity jurisdiction over those claims because complete diversity does not exist. Regardless, the amount in controversy exceeds $75,000.

    2) Identify the state of citizenship of each named party.

      Plaintiff Randolph Holmes is a citizen of Illinois. Defendant Brandon

Frederickson is a citizen of Illinois. Defendant Kayvon Karimi is a citizen of Indiana. Defendant Village of Lynwood is an Illinois municipal corporation with its principal office in Cook County, Illinois, and, as such, is a citizen of Illinois.

3. Status of service:

   All defendants have appeared by counsel. All defendants waive any objections to the absence of a summons or of service of process.

4. Consent to Proceed Before a United States Magistrate Judge:

   Counsel have advised their clients that they may proceed before a Magistrate Judge if all parties unanimously consent. The parties do not consent to proceed before the Magistrate Judge.

5. Motions:

   A. Briefly describe any pending motions.

   No motions are pending.

   B. State whether the defendants anticipate responding to the complaint by filing an Answer or by means of motion.

   Defendants timely answered the complaint on November 17, 2014.

6. Case plan:

   A. Submit a proposal for a discovery plan:

   1) The parties anticipate that written discovery concerning the occurrence including interrogatories and requests for production will be needed. The parties anticipate that reports, videos, and other documents that relate to the incident will be produced.

   The parties further anticipate that oral discovery by deposition of all witnesses to the occurrence will be required. Should the parties' written discovery or oral discovery identify other persons who have relevant information concerning the occurrence, the parties anticipate that it may be necessary to depose such persons.

   2) The parties propose exchanging their Rule 26(a)(1) initial disclosures on December 8, 2014.

    3) The parties propose issuing written discovery on December 12, 2014.

    4) The parties propose May 1, 2015, as the fact discovery completion date.

    5) The parties propose the following expert discovery schedule:

- Plaintiff to disclose experts, including any reports, on or before June 5, 2015;
- Defendants to depose plaintiff's experts on or before July 8, 2015;
- Defendants to disclose experts, including any reports, on or before August 10, 2015;
- Plaintiff to depose defendants' experts on or before September 11, 2015.

    6) The parties propose that any dispositive motions shall be filed on or before September 25, 2015.

  B. With respect to trial, indicate the following:

    1) A jury trial is requested;
    2) The probable length of trial is 3-4 days, inclusive of jury selection.

7. Status of Settlement Discussions:

  A. No settlement discussions have occurred.
  B. There is no status to report regarding settlement discussions since none have occurred.
  C. The parties do not request a settlement conference at this time.

Respectfully submitted,

| | |
|---|---|
| **/s/ JAMES D. MONTGOMERY, JR.** | **/s/ ALISON M. HARRINGTON** |
| **JAMES D. MONTGOMERY, JR.** | **ALISON M. HARRINGTON** |
| **JOHN K. KENNEDY** | **JOSEPH E. URANI** |
| JAMES D. MONTGOMERY & ASSOCIATES, LTD. | BEST, VANDERLAAN & HARRINGTON |
| One North LaSalle Street, Suite 2450 | 400 E. Diehl Road, Suite 280 |
| Chicago, IL 60602 | Naperville, IL 60563 |
| (312) 977-0200 | (630) 752-8000 |
| Attorneys for Plaintiff Randolph Holmes. | Attorney for Defendant Brandon Frederickson. |

5

**/s/ PAUL A. O'GRADY**
**PAUL A. O'GRADY**
**DOMINICK L. LANZITO**
**PATRICK S. WALL**
PETERSON JOHNSON & MURRAY
 CHICAGO, LLC
200 W. Adams Street, Suite 2125
Chicago, IL 60606
(312) 782-7150
Attorneys for Defendant Kayvon Karimi.

**/s/ BRIAN P. GAINER**
**BRIAN P. GAINER**
**MONICA GUTOWSKI**
JOHNSON & BELL, LTD.
33 W. Monroe Street, Suite 2700
Chicago, IL 60603
(312) 372-0770
Attorney for Defendant Village of
 Lynwood.