IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Randolph Holmes,<br>    Plaintiff,<br><br>    v.<br><br>Village of Lynwood, Brandin Fredericksen, and Kayvon Karimi,<br>    Defendants. | No. 14-cv-5804<br>Judge Sara L. Ellis<br>Magistrate Judge Susan E. Cox<br><br>JURY DEMANDED. |

**SECOND AMENDED COMPLAINT**

Plaintiff Randolph Holmes, by counsel JAMES D. MONTGOMERY & ASSOCIATES, LTD., alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and § 1367.

2. Plaintiff Randolph Holmes is a resident of the Northern District of Illinois.

3. At all times mentioned herein, defendants Brandin Fredericksen and Kayvon Karimi were police officers of the Village of Lynwood acting with color of law and within the scope of their employment. Plaintiff sues the defendant officers in their individual capacities.

4. Defendant Village of Lynwood is an Illinois municipal corporation with its principal office in Cook County, Illinois.

5. On September 20, 2013, while plaintiff was in custody at the Lynwood police station, defendants Brandin Fredericksen and Kayvon Karimi used excessive and unreasonable force against plaintiff in violation of plaintiff's Fourth

Amendment rights.

6. In particular, defendant Fredericksen shoved plaintiff into a door without legal justification. Defendant Fredericksen then punched plaintiff multiple times without legal justification, causing plaintiff to fall unconscious and suffer a concussion and a broken nose.

7. Defendant Kayvon Karimi used excessive force by taking plaintiff to the ground without justification via a carotid-artery neck-takedown maneuver.

8. Defendant Karimi witnessed defendant Fredericksen using excessive force against plaintiff, but, in violation of plaintiff's Fourth Amendment rights, failed to intervene to prevent plaintiff from being subjected to defendant Fredericksen's unlawful use of force.

9. On and after September 20, 2013, in violation of plaintiff's Fourteenth Amendment rights to due process and a fair trial, defendant Fredericksen fabricated evidence against plaintiff to maliciously create a false case against plaintiff for aggravated battery against a peace officer. Specifically, defendant Fredericksen falsely claimed that plaintiff deliberately spat on him. Further, defendant Fredericksen withheld exculpatory evidence that plaintiff never deliberately spat on him. Additionally, defendant Fredericksen coerced defendant Karimi to withhold exculpatory evidence, instructing Karimi to make Karimi's police report "sound good." Further, defendant Fredericksen coerced other subordinate officers to withhold exculpatory evidence by instructing them – as they all watched surveillance video of Fredericksen breaking planitiff's nose – that the

video merely showed plaintiff "tripping and falling."

10. On and after September 20, 2013, defendant Fredericksen willfully and maliciously caused criminal proceedings to be commenced and continued against plaintiff for aggravated battery to a peace officer for spitting on Fredericksen, even though plaintiff never did that, and even though there was no probable cause to believe plaintiff committed such offense.

11. On and after September 20, 2013, in violation of plaintiff's Fourteenth Amendment rights to due process and a fair trial, defendant Karimi conspired with defendant Fredericksen to fabricate evidence against plaintiff to maliciously create a false case against plaintiff for aggravated battery against a peace officer. In addition, defendant Karimi deliberately withheld exculpatory evidence that Fredericksen was the real aggressor against plaintiff, that plaintiff never used any physical force against Fredericksen, and that plaintiff never deliberately spat on Fredericksen.

12. On and after September 20, 2013, defendant Karimi willfully and maliciously caused criminal proceedings to be commenced and continued against plaintiff for aggravated battery to a peace officer for spitting on Fredericksen, even though plaintiff never did that, and even though there was no probable cause to believe plaintiff committed such offense. In particular, defendant Karimi authored a police report regarding the offense and spoke with Detective Kirby and the Assistant States Attorneys who were investigating defendant Fredericksen's false allegation that plaintiff spat on him, but defendant Karimi never disclosed that

3

plaintiff did not spit on Fredericksen.

13. Unknown agents and employees of defendant Village of Lynwood failed to disclose complete surveillance videos of the incident to plaintiff's public defender. In addition, defendant Village of Lynwood failed to disclose complete surveillance videos of the incident in response to a criminal-court subpoena seeking that information. Instead, defendant Village of Lynwood produced an edited videotape that intentionally omitted Frederickson unlawfully striking and punching plaintiff.

14. Due to defendants' withholding of exculpatory evidence, plaintiff entered a plea of guilty to the lesser offense of resisting a peace officer based upon the advice of his public defender.

15. Plaintiff spent approximately one year in jail as a result of defendants' wrongful conduct.

16. On February 27, 2015, a state court judge granted plaintiff's motion to vacate plea and conviction based on withholding of exculpatory evidence. That same day, the State moved for nolle prosequi of the charge, which the court also granted. The State dropped the charge against plaintiff because he was innocent. The State would never have pursued criminal charges against plaintiff had defendants not intentionally concealed exculpatory evidence.

17. Through their conduct described above, defendant Fredericksen and defendant Karimi willfully violated plaintiff's Fourth Amendment right to be free from excessive force (as incorporated via the Fourteenth Amendment) and plaintiff's Fourteenth Amendment rights to due process and a fair trial.

18. Plaintiff additionally asserts state law claims against both officers for battery.

19. Plaintiff additionally asserts state law claims against both officers for malicious prosecution.

20. Plaintiff asserts a state law claim against the Village based on the doctrine of respondeat superior for battery.

21. Plaintiff asserts a state law claim against the Village based on the doctrine of respondeat superior for malicious prosecution.

22. Plaintiff joins the Village as the indemnitor of the individual officers on plaintiff's federal claims.

23. Plaintiff demands trial by jury.

WHEREFORE plaintiff requests that judgment be entered in his favor and against all defendants as compensatory damages, in an amount to be determined by the trier of fact, and, additionally, for an award of punitive damages in an amount to be determined by the trier of fact against defendants Fredericksen and Karimi.

By: /s/ James D. Montgomery, Jr.
**JAMES D. MONTGOMERY, JR.**
**JOHN K. KENNEDY**
JAMES D. MONTGOMERY & ASSOCIATES, LTD.
One North LaSalle Street, Suite 2450
Chicago, IL 60602
(312) 977-0200