UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDOLPH HOLMES, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 14 cv 5804 |
| VILLAGE OF LYNWOOD, BRANDIN FREDERICKSON and KAYVON KARIMI, | ) ) Judge Sara L. Ellis ) ) ) |
| Defendants. | ) |

### VILLAGE OF LYNWOOD'S UNOPPOSED MOTION FOR LEAVE TO FILE ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, *INSTANTER*

Defendant, VILLAGE OF LYNWOOD, by and through its attorneys, Johnson and Bell, Ltd., pursuant to the Federal Rule of Civil Procedure Section 6(b), respectfully moves this Court for leave to file, *instanter*, its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint. In further support of this motion, Defendant states the following:

1. This Court granted Plaintiff leave to file a Second Amended Complaint on April 13, 2015 (Dkt. 43).

2. The Village's answer to the plaintiff's complaint was due to be filed April 28, 2015, but has not yet been filed.

3. Defense counsel corresponded with Plaintiff's counsel about filing a late Answer, and Plaintiff's counsel indicated that he does not oppose the motion.

4. The granting of this motion will not prejudice the plaintiff in this case, whereas the denial of this motion will greatly prejudice the defendant.

WHEREFORE, The Village of Lynwood respectfully requests that this Court enter an order granting it leave to file a late answer and affirmative defenses to plaintiff's second

amended complaint, *instanter*. A copy of the proposed answer and affirmative defenses to plaintiff's second amended complaint are attached hereto and designated as Exhibit "A".

Respectfully submitted, this 29th day of April, 2015

/s/Brian P. Gainer
One of the Attorneys for the Defendants

Brian P. Gainer
Monica Gutowski
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372 0770

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDOLPH HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 cv 5804 |
| | ) | |
| VILLAGE OF LYNWOOD, | ) | Judge Sara L. Ellis |
| BRANDIN FREDERICKSON and | ) | |
| KAYVON KARIMI, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT, VILLAGE OF LYNWOOD'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, VILLAGE OF LYNWOOD, by and through its attorneys, Johnson & Bell, Ltd., and for its Answer to Plaintiff's Second Amended Complaint, states as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and § 1367.

**ANSWER:** The Village of Lynwood admits the averments of this paragraph, but denies it engaged in any misconduct.

2. Plaintiff Randolph Holmes is a resident of the Northern District of Illinois.

**ANSWER:** The Village of Lynwood is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

3. At all times mentioned herein, defendants Brandin Frederickson and Kayvon Karimi were police officers of the Village of Lynwood acting with color of law and within the scope of their employment. Plaintiff sues the defendant officers in their individual capacities.

**ANSWER:** The Village of Lynwood admits that the individual defendants were police officers for the Village, and that the Plaintiff sues each officer in his individual capacity. The Village of Lynwood makes no answer to the remaining

averments of this paragraph, because they call for legal conclusions. To the extent that an answer to these averments is required, they are denied.

4. Defendant Village of Lynwood is an Illinois municipal corporation with its principal office in Cook County, Illinois.

**ANSWER: The Village of Lynwood admits that it is an Illinois municipal corporation in Cook County, Illinois.**

5. On September 20, 2013, while plaintiff was in custody at the Lynwood police station, defendants Brandin Frederickson and Kayvon Karimi used excessive and unreasonable force against plaintiff in violation of plaintiff's Fourth Amendment rights.

**ANSWER: The averments of this paragraph are not directed toward the Village of Lynwood, and therefore the Village of Lynwood makes no answer thereto. To the extent that these averments are directed toward the Village, they are denied.**

6. In particular, defendant Frederickson shoved plaintiff into a door without legal justification. Defendant Frederickson then punched plaintiff multiple times without legal justification, causing plaintiff to fall unconscious and suffer a concussion and a broken nose.

**ANSWER: The averments of this paragraph are not directed toward the Village of Lynwood, and therefore the Village of Lynwood makes no answer thereto. To the extent that these averments are directed toward the Village, they are denied.**

7. Defendant Kayvon Karimi used excessive force by taking plaintiff to the ground without justification via a carotid-artery neck-takedown maneuver.

**ANSWER: The averments of this paragraph are not directed toward the Village of Lynwood, and therefore the Village of Lynwood makes no answer thereto. To the extent that these averments are directed toward the Village, they are denied.**

8. Defendant Karimi witnessed defendant Frederickson using excessive force against plaintiff, but, in violation of plaintiff's Fourth Amendment rights, failed to intervene to prevent plaintiff from being subjected to defendant Fredericksen's unlawful use of force.

**ANSWER: The averments of this paragraph are not directed toward the Village of Lynwood, and therefore the Village of Lynwood makes no answer thereto. To the extent that these averments are directed toward the Village, they are denied.**

9. On and after September 20, 2013, in violation of plaintiff's Fourteenth Amendment rights to due process and a fair trial, defendant Fredericksen fabricated evidence against plaintiff to maliciously create a false case against plaintiff for aggravated battery against a peace officer. Specifically, defendant Frederickson falsely claimed that plaintiff deliberately spat on him. Further, defendant Fredericksen withheld exculpatory evidence that plaintiff never deliberately spat on him. Additionally, defendant Fredericksen coerced defendant Karimi to withhold exculpatory evidence, instructing Karimi to make Karimi's police report "sound good." Further, defendant Fredericksen coerced other subordinate officers to withhold exculpatory evidence by instructing them – as they all watched surveillance video of Fredericksen breaking plaintiff's nose – that the video merely showed plaintiff "tripping and falling."

**ANSWER: The averments of this paragraph are not directed toward the Village of Lynwood, and therefore the Village of Lynwood makes no answer thereto. To the extent that these averments are directed toward the Village, they are denied.**

10. On and after September 20, 2013, defendant Fredericksen willfully and maliciously caused criminal proceedings to be commenced and continued against plaintiff for aggravated battery to a peace officer for spitting on Fredericksen, even though plaintiff never did that, and even though there was no probable cause to believe plaintiff committed such offense.

3

**ANSWER:** The averments of this paragraph are not directed toward the Village of Lynwood, and therefore the Village of Lynwood makes no answer thereto. To the extent that these averments are directed toward the Village, they are denied.

11. On and after September 20, 2013, in violation of plaintiff's Fourteenth Amendment rights to due process and a fair trial, defendant Karimi conspired with defendant Fredericksen to fabricate evidence against plaintiff to maliciously create a false case against plaintiff for aggravated battery against a peace officer. In addition, defendant Karimi deliberately withheld exculpatory evidence that Fredericksen was the real aggressor against plaintiff, that plaintiff never used any physical force against Fredericksen, and that plaintiff never deliberately spat on Fredericksen.

**ANSWER:** The averments of this paragraph are not directed toward the Village of Lynwood, and therefore the Village of Lynwood makes no answer thereto. To the extent that these averments are directed toward the Village, they are denied.

12. On and after September 20, 2013, defendant Karimi willfully and maliciously caused criminal proceedings to be commenced and continued against plaintiff for aggravated battery to a peace officer for spitting on Fredericksen, even though plaintiff never did that, and even though there was no probable cause to believe plaintiff committed such offense. In particular, defendant Karimi authored a police report regarding the offense and spoke with Detective Kirby and the Assistant States Attorneys who were investigating defendant Fredericksen's false allegation that plaintiff spat on him, but defendant Karimi never disclosed that plaintiff did not spit on Fredericksen.

**ANSWER:** The averments of this paragraph are not directed toward the Village of Lynwood, and therefore the Village of Lynwood makes no answer thereto. To the extent that these averments are directed toward the Village, they are denied.

13. Unknown agents and employees of defendant Village of Lynwood failed to disclose complete surveillance videos of the incident to plaintiff's public defender. In addition, defendant Village of Lynwood failed to disclose complete surveillance videos of the incident in response to a criminal-court subpoena seeking that information. Instead, defendant Village of Lynwood produced an edited videotape that intentionally omitted Fredericksen unlawfully striking and punching plaintiff.

**ANSWER:** **The Village of Lynwood denies the averments of this paragraph.**

14. Due to defendant's withholding of exculpatory evidence, plaintiff entered a plea of guilty to the lesser offense of resisting a peace officer based upon the advice of his public defender.

**ANSWER:** **The Village of Lynwood denies the averments of this paragraph as they relate to withholding evidence. The Village of Lynwood is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.**

15. Plaintiff spent approximately one year in jail as a result of defendants' wrongful conduct.

**ANSWER:** **The Village of Lynwood denies that it engaged in any wrongful conduct. The Village of Lynwood is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.**

16. On February 27, 2015, a state court judge granted plaintiff's motion to vacate plea and conviction based on withholding of exculpatory evidence. That same day, the State moved for nolle prosequi of the charge, which the court also granted. The State dropped the charge against plaintiff because he was innocent. The State would never have pursued criminal charges against plaintiff had defendant not intentionally concealed exculpatory evidence.

5

**ANSWER:** **The Village of Lynwood is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.**

17. Through their conduct described above, defendant Fredericksen and defendant Karimi willfully violated plaintiff's Fourth Amendment right to be free from excessive force (as incorporated via the Fourteenth Amendment) and plaintiff's Fourteenth Amendment rights to due process and a fair trial.

**ANSWER:** **The averments of this paragraph are not directed toward the Village of Lynwood, and therefore the Village of Lynwood makes no answer thereto. To the extent that these averments are directed toward the Village, they are denied.**

18. Plaintiff additionally asserts state law claims against both officers for battery.

**ANSWER:** **The Village of Lynwood admits that the Plaintiff attempts to assert a state law claim against both officers for battery.**

19. Plaintiff additionally asserts state law claims against both officers for malicious prosecution.

**ANSWER:** **The Village of Lynwood admits that the Plaintiff attempts to assert a state law claim against both officers for malicious prosecution.**

20. Plaintiff asserts a state law claim against the Village based on the doctrine of respondeat superior for battery.

**ANSWER:** **The Village of Lynwood admits that the plaintiff seeks to assert a claim against it for battery based on the doctrine of *respondeat superior*, but denies that it engaged in any misconduct.**

21. Plaintiff asserts a state law claim against the Village based on the doctrine of respondeat superior for malicious prosecution.

**ANSWER:** The Village of Lynwood admits that the plaintiff seeks to assert a claim against it for malicious prosecution based on the doctrine of *respondeat superior*, but denies that it engaged in any misconduct.

22. Plaintiff joins the Village as the indemnitor of the individual officers on plaintiff's federal claims.

**ANSWER:** The Village of Lynwood admits that the Plaintiff seeks to proceed against it for indemnification, but denies that it engaged in any misconduct.

23. Plaintiff demands trial by jury.

**ANSWER:** The averments of this paragraph do not call for an answer by the Village of Lynwood, therefor the Village makes no answer thereto.

The Defendant, the Village of Lynwood, respectfully request that this Honorable Court enter judgment in its favor, and against the Plaintiff, and further requests any additional relief that this Honorable Court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that any injury or damages claimed by Plaintiff was caused, in whole or in part, by negligent, willful and wanton, and/or intentional conduct of the Plaintiff, even if the Defendant is liable for damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by the application of the principals of comparative fault in proportion to the amount of the negligent, willful and wanton, and intentional conduct of the Plaintiff, which was the proximate cause of his injuries.

In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois Statute 735 ILCS 5/2-1116 was in effect, and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when Plaintiff is more than 50% of the proximate cause of the injury or damages for which recovery is sought.

## SECOND AFFIRMATIVE DEFENSE

The Village of Lynwood is not liable to the Plaintiff for any state law claims for which its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109.

## THIRD AFFIRMATIVE DEFENSE

The Village of Lynwood is not liable to the Plaintiff for any federal claim for which its employees or agents are not liable to the Plaintiff. See *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate his damages, and any damages awarded to the Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

## FIFTH AFFIRMATIVE DEFENSE

Notwithstanding any other provision or law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that the Village of Lynwood is sued under any theory other than an alleged unconstitutional policy and/or practice of its policy makers, Plaintiff fails to state a claim against it, as *respondeat superior* as an improper basis for suing a municipality under 42 U.S.C. Section 1983. *Monell v. New York Department of Social Services*, 436 U.S. 658, 691 (1978); *Sarantakis v. Village of Winthrop Harbor*, 696 F.Supp.1095, 1101 (N.D. Ill 1997); *Surplus Store and Exchange, Inc. v. City of Delphi*, 928 F. 2d 788, 793 (7th Cir. 1991).

8

Defendant reserves the right to supplement these Affirmative Defenses as more information becomes available throughout the litigation of this matter.

The Village of Lynwood requests judgment in its favor and against the Plaintiff on all counts and claims in the Plaintiff's Complaint, dismissal of this cause with prejudice and costs, and any other relief that this Honorable Court deems equitable and just.

## JURY DEMAND

Defendant requests a trial by jury.

                        Respectfully submitted,

By: _____
       One of the Attorneys for Defendant

Brian P. Gainer
Monica Gutowski
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
Telephone: 312-372-0770
Fax: 312-372-9818
E-mail: gainer@jbltd.com
#4081465