UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDOLPH HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 14 cv 5804 |
| | ) | Judge Sara L. Ellis |
| VILLAGE OF LYNWOOD, | ) | |
| BRANDON FREDERICKSON and | ) | |
| KAYVON KARIMI, | ) | |
| | ) | |
| Defendants. | ) | |

**Motion for Adjudication of Attorney's Lien**

Now comes the Plaintiff, Randolph Holmes, by and through his attorney James D. Montgomery, Jr. of Montgomery Law Firm LLC, and hereby moves this Honorable Court to adjudicate the attorney's lien claimed by James D. Montgomery & Associates, Ltd. in the above-captioned matter.

**Statement of Facts**

Randolph Holmes was arrested on September 20, 2013. During his arrest and booking, Plaintiff was punched by Defendant Frederickson and sustained a broken nose and concussion. Defendant Frederickson then claimed that Plaintiff intentionally spat on him during the arrest and booking process and caused Plaintiff to be prosecuted and remain in the Cook County Jail for approximately 11 months. Plaintiff initially pled guilty to resisting arrest as his criminal defense counsel was not provided video footage of Defendant Frederickson punching him (as he had maintained) despite having issued a lawful subpoena to the Village of Lynwood. Subsequently, Pam Zekman obtained and ran video footage of the punching event on live television. At that point Plaintiff moved to withdraw his plea and filed his own pro se civil

1

action against Defendants Frederickson and the Village of Lynwood. In January of 2015, Defendant Frederickson was brought before the Village of Lynwood Fire and Police Commission wherein the Village of Lynwood sought to have him fired for his conduct of September 20, 2013.

Plaintiff hired James D. Montgomery & Associates (hereinafter "ASSOCIATES") in September of 2014. ASSOCIATES amended Plaintiff's complaint upon its appearance and plead additional facts. ASSOCIATES obtained the video footage of the arrest and booking process (including the footage of Defendant Frederickson punching Plaintiff) through a FOIA request on October 8, 2014 and in Rule 26(a)(1) disclosure material. After Plaintiff's underlying criminal case was nolle prossed on February 27, 2015, ASSOCIATES amended the complaint again to add a malicious prosecution claim. Plaintiff's claims, as amended, were for the violation of his civil rights under 42 U.S.C. §1983, a *Brady* violation and state malicious prosecution.

Plaintiff hired attorneys ASSOCIATES under a contingency fee agreement. Prior to the Plaintiff taking any depositions and/or performing substantial substantive work in this matter, the 833 page January 2015 Village of Lynwood Fire and Police Commission hearing transcript was produced to ASSOCIATES. As part of that commission hearing process, Defendant Frederickson gave a discovery deposition plus lengthy hearing testimony admitting to punching Plaintiff but maintaining he had done so in self-defense. The Village of Lynwood proffered witnesses detective Daniel Kirby, telecommunications officer Holly Booker, police practices expert Daniel McDevitt and police chief Russell Pearson who through exhaustive testimony maintained factually and legally that Defendant Frederickson punched and broke Plaintiff's nose without justification or provocation and that there was no objective basis for Frederickson's claim that Plaintiff intentionally spat on him. To the contrary, the witnesses suggested that

Defendant Frederickson actions were indeed inconsistent with having been spat on. Both Daniel Kirby (complaining witness in the underlying criminal matter) and Chief Pearson testified that the criminal prosecution of Plaintiff for spitting (aggravated battery) was a cover up for the illicit punch. Chief Pearson went as far as to say that while he knew the criminal matter was a cover-up he did nothing to stop it. (See Exhibit 1, attached). All of this testimony was given *before* the law firm of ASSOCIATES performed any substantial legal work beyond the amending of the complaint and producing plaintiff for his approximately 3 hour deposition. With the damning commission hearing testimony in hand, it was certainly necessary to confirm same in this federal court proceeding and seek to discover details not unearthed during the Lynwood Fire and Police Commission hearing. To that end the depositions of Defendant Frederickson and Kayvon Karimi took place. Then the court set the matter for settlement conference and stayed discovery so as not to unnecessarily incur either side further attorneys' fees. The court allowed the deposition of Daniel Kirby during that discovery stay since there was a potential health risk that might prevent Kirby's later testimony at trial. After the Kirby deposition Plaintiff terminated the services of ASSOCIATES and hired James D. Montgomery, Jr. as his sole attorney in August of 2015. While this matter was in the hands of ASSOCIATES defendants made an offer to Plaintiff of $75,000.00. (See Exhibit 2, Attached). After terminating ASSOCIATES and after settlement conferences before Judge Cox, this matter settled for $500,000.00.

**Argument**

1. **In Illinois, a discharged attorney is entitled to** *quantum meruit* **for the value of his services to the former client. 770 ILCS 5/1 provides in pertinent part**:

    Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such suits, claims, demands or causes of action, plus costs and expenses.

3

When a client terminates an attorney who was working under a contingency-fee agreement, the contract ceases to exist and the contingency term is no longer operative. Will v. Northwestern Univ., 378 Ill. App. 3d 280, 303 (1st Dist. 2007). If certain preconditions are met, discharged attorneys may recover a reasonable fee for services rendered under the doctrine of *quantum meruit*. Id. at 304. "*Quantum meruit* is based on the implied promise of a recipient of services to pay for valuable services because otherwise the recipient would be unjustly enriched." Much Shelist v. Lison, 297 Ill. App. 3d 375, 379 (1st Dist. 1998).

**2. Even though James D. Montgomery & Associates is entitled to *quantum meruit*, its recovery is limited to the value of those services**

"*Quantum meruit* means, literally, 'as much as he deserves.'" First Nat. Bank of Springfield v. Malpractice Research, Inc., 179 Ill. 2d 353, 365 (1997). In measuring the value of a discharged attorney's services in contingency-fee personal-injury cases, courts look to the time and labor the discharged attorney expended on the matter, which must be evaluated in light of "the attorney's skill and standing, the nature of the case and the novelty and difficulty of the subject matter, the degree of responsibility in managing the cause, the usual and customary charge in the community and the benefits resulting to the client." Johns v. Klecan, 198 Ill. App. 3d 1013, 1019 (1st Dist. 1990). The court may assess *quantum meruit* by "determining the amount of total time spent on [the case] in performing legitimate services for the client and then multiplying that time by a reasonable hourly rate . . . ." Id. at 1021.

In addition to considering the hours expended, Johns compels the court to consider some other factors as well in calculating the final award:

- **"The attorney's skill and standing"**:
- **"The nature of the cause and the novelty and difficulty of the subject matter"**: While civil rights cases are arguably some of the most difficult in which to prove and

4

prevail, the major issues here were well established at the January 2015 Lynwood Fire and Police Commission hearing before any significant ASSOCIATES involvement. Indeed 100% of the testimonial references made in support of Plaintiff's settlement demand letter issued by ASSOCIATES came from the Lynwood Fire and Police Commission hearing transcript (See Exhibit 1, attached).

- **"The degree of responsibility in managing the cause"**:
- **"The usual and customary charge in the community"**:
- **"Benefits resulting to the client"**: This factor is by far the most important for this case. ASSOCIATES certainly had the benefit of the 833 page Lynwood Fire and Police Commission hearing transcripts produced by Defendant Village of Lynwood where all of the major issues were unearthed and mostly exhausted. The primary benefit to the client of the legal work performed in this case by his lawyer afterward was in the negotiation of the settlement. During the involvement of ASSOCIATES the highest offer to the Plaintiff was $75,000.00 (See Exhibit 2, attached). After its termination, James D. Montgomery, Jr. negotiated the settlement resulting in an accepted $500,000.00 offer of judgment.

The purpose of *quantum meruit* is to prevent unjust enrichment. *In re Estate of Callahan,* 144 Ill.2d 32, 161 Ill.Dec. 339, 578 N.E.2d 985, 988 (1991). Given all of the above factors, the Court should award adjudicate this lien to $25,000.00, unless ASSOCIATES can demonstrate otherwise to the Court's satisfaction.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order, pursuant to 770 ILCS 5/1, adjudicating the attorney's lien held by James D. Montgomery & Associates, Ltd., to the amount of $25,000.00.

                                      Respectfully submitted,

                                      /s/James D. Montgomery, Jr.
                                         James D. Montgomery, Jr.
                                         Attorney for the Plaintiff

James D. Montgomery, Jr.
Montgomery Law Firm, L.L.C.
221 North LaSalle Street, Suite 1414
Chicago, Illinois 60602
(312) 880-1001
Atty No. 6183323

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDOLPH HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 14 cv 5804 |
| | ) Judge Sara L. Ellis |
| VILLAGE OF LYNWOOD, | ) |
| BRANDON FREDERICKSON and | ) |
| KAYVON KARIMI, | ) |
| | ) |
| Defendants. | |

## PROOF OF SERVICE

To: James D. Montgomery
John K. Kennedy
James D. Montgomery & Associates, Ltd.
1 North LaSalle Street
Suite 2450
Chicago, IL 60602-4093
(312) 977-0200; (312) 977-0209 fax
Email: james@jdmlaw.com

I, the undersigned, state that I caused copies of Plaintiff Randolph Holmes' Motion for Adjudication of Attorney's Lien to be served, with enclosures referred to thereon, if any, by electronic mail by agreement, to the attorney(s) indicated above, from 221 N. LaSalle Street, Suite 1414, Chicago, Illinois 60601 prior to 5:00 p.m. on September 23, 2015.

          **Respectfully submitted,**

          **RANDOLPH HOLMES**

          By: /s/ James D. Montgomery, Jr.
              James D. Montgomery, Jr.
              Plaintiff's Attorney

James D. Montgomery, Jr.
Montgomery Law Firm LLC
221 North LaSalle Street
Suite 1414
Chicago, Illinois 60601
(312) 880-1001
Atty No. 6183323

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2015, the foregoing Motion for Adjudication of Attorney's Lien was filed with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/ James D. Montgomery, Jr.
James D. Montgomery, Jr.
