IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Randolph Holmes,<br>    Plaintiff,<br><br>    v.<br><br>Village of Lynwood, et al.,<br>    Defendants. | No. 14-cv-5804<br>Judge Sara L. Ellis |

**RESPONSE OF JAMES D. MONTGOMERY & ASSOCIATES, LTD.
TO MOTION FOR ADJUDICATION OF ATTORNEY LIEN**

Respondent lienholder James D. Montgomery & Associates, Ltd., submits this response to plaintiff's motion to adjudicate attorney lien.

## BACKGROUND

Plaintiff retained the law firm of James D. Montgomery & Associates, Ltd. ("JDM"), to represent him in the above matter on a 1/3 contingency fee basis. Ex. A. Three JDM attorneys filed appearances on behalf of plaintiff – John K. Kennedy [Doc. #5], James D. Montgomery, Jr. [Doc. #6] and Daniel Watkins, II [Doc. #55] – and JDM represented plaintiff from approximately September 15, 2014, [Doc. #5] to August 7, 2015 [Docs. #78, 80]. During that time, the JDM attorneys assigned to the matter provided legal services to plaintiff valued at $141,587.50 on a lodestar basis, Ex. B, and advanced $7,207.88 in litigation expenses on plaintiff's behalf, Ex. C.

On Friday, August 7, 2015, James D. Montgomery, Jr. established Montgomery Law Firm LLC ("Montgomery Firm") and resigned his position at JDM effective immediately. See http://www.ilsos.gov/corporatellc/ (search results for

"Montgomery Law Firm, LLC"). At the same time, plaintiff terminated JDM, and retained Montgomery Firm to represent him. [Docs. # 78, 80]. A settlement conference was set for the following business day, Monday, August 10, 2015, [Doc. #63] but was delayed to September 11, 2015, due to a logistics problem [Doc. #82].

After the settlement conference, defendants extended a FED. R. CIV. P. 68 offer of judgment in the amount of $500,000.00, which plaintiff accepted. [Doc. #97]. The accepted offer of $500,000.00 was a compromise between the parties' initial settlement positions, exchanged prior to the settlement conference – plaintiff's initial demand of $1,800,000.00 [Doc. #98-1] was met with an initial offer of $75,000.00 [Doc. #98-2].

## ARGUMENT

Plaintiff terminated JDM right before a scheduled settlement conference, and then settled his case. With the exception of attending a settlement conference and accepting defendants' offer of judgment, JDM performed all plaintiff's legal work, and should accordingly receive the overwhelming majority of the disputed legal fees. In addition, JDM is entitled to reimbursement of the litigation expenses it advanced. Montgomery Firm's counterarguments are of no moment.

Under the legal standards that govern this fee dispute, JDM is entitled to a substantial recovery. A client indisputably has the freedom to terminate his or her attorney at any time, without cause, regardless of any prior agreement. See, e.g., Sullivan v. Eichmann, 820 N.E.2d 449, 454 (Ill. 2004). When a client terminates an attorney retained on a contingency-fee basis, the contingency-fee agreement ceases

2

to exist, and the attorney is instead entitled to quantum meruit. See, e.g., In re Est. of Callahan, 578 N.E.2d 985, 987-88 (Ill. 1991). "[I]n other words, the trial court is literally to award the attorney 'as much as he deserves.'" Thompson v. Buncik, 961 N.E.2d 280, 283 (Ill. App. Ct. 2011). In determining that, courts consider "the skill and standing of the attorney employed, the nature of the case and the difficulty of the questions at issue, the amount and importance of the subject matter, the degree of responsibility involved in the management of the case, the time and labor required, the usual and customary fee in the community, and the benefit resulting to the client." In re Est. of Callahan, 578 N.E.2d at 990. Importantly, "in cases in which an attorney who has done much work is fired immediately before a settlement is reached, the factors involved in determining a reasonable fee would justify a finding that the entire contract fee is the reasonable value of services rendered." Rhoades v. Norfolk & W. Ry. Co., 399 N.E.2d 969, 975 (Ill. 1979).

    **I.    SINCE JDM'S LEGAL WORK LED TO A SETTLEMENT CONFERENCE AND THE OFFER OF JUDGMENT THAT PLAINTIFF ACCEPTED, JDM IS ENTITLED TO ITS 1/3 CONTINGENCY-FEE CONTRACT RATE, WHICH TOTALS $166,666.67.**

This is precisely one of those cases where "an attorney who has done much work is fired immediately before settlement is reached," which justifies "a finding that the entire contract fee is the reasonable value of services rendered." Id.; accord Will v. Northwestern University, 881 N.E.2d 481 (Ill. App. Ct. 2007); Wegner v. Arnold, 713 N.E.2d 247 (Ill. App. Ct. 1999). This Court should so find.

Will and Wegner are instructive. In Will, the plaintiff's counsel secured a $16

3

million settlement offer from the defendants. 881 N.E.2d at 489. The plaintiff then terminated her counsel, hired new counsel, and the settlement was accepted. Id. at 489-91, 501. The trial court awarded the plaintiff's former counsel its full contract rate of a 1/3 contingency fee, and plaintiff appealed. Id. at 501. Citing Rhoades, the Illinois Appellate Court affirmed, noting that plaintiff terminated her former counsel immediately before settlement was reached. Id. at 505. Similarly, in Wegner, the plaintiff terminated her counsel just before the defendant formally offered its policy limits, which the plaintiff's successor counsel then accepted. 713 N.E.2d at 248-49. The trial court awarded former counsel an hourly rate rather than his 1/3 contract rate, and counsel appealed. 713 N.E.2d 1004. On appeal, the Illinois Appellate Court reversed, finding that the trial court abused its discretion in failing to award former counsel his 1/3 contract rate. Id. at 1005-07. The court remanded the case with instructions to award former counsel his 1/3 contingency fee, less the successor firm's reasonable hourly rate, since plaintiff terminated her former counsel shortly before settling the case. Id. at 1007.

Likewise here, this Court should award JDM its contact rate of $166,666.67 in attorney's fees, see Ex. A (legal services agreement executed by plaintiff, providing for a fee in the amount of 1/3 of whatever is recovered), less Montgomery Firm's reasonable hourly rate for attending the settlement conference and accepting the offer.

    **II.    ALTERNATIVELY, UNDER THE LODESTAR METHOD, THE FAIR VALUE OF JDM'S SERVICES IS $141,587.50.**

While we believe that the contract rate properly represents what JDM

4

deserves, should this Court elect to calculate quantum meruit on a lodestar basis, JDM is entitled to a substantial fee award under that method as well. JDM devoted significant firm resources to litigating this case on behalf of plaintiff, expending some 305.5 hours of attorney time, which equates to $141,587.50 on an hourly fee basis. See Ex. B. Should the Court fail to apply Rhodes and its progeny, and employ the lodestar method instead, the Court should award JDM $141,587.50 in attorney's fees.

### III. IN ADDITION TO ITS FEE AWARD, JDM IS ENTITLED TO REIMBURSEMENT OF $7,207.88 IN LITIGATION EXPENSES ADVANCED ON PLAINTIFF'S BEHALF.

In addition to its fees, JDM is entitled to be reimbursed for the $7,207.88 in litigation expenses that it advanced on behalf of the plaintiff. See Exs. A, C.

### IV. MONTGOMERY FIRM'S COUNTERARGUMENTS ARE WITHOUT MERIT.

Plaintiff presses two main arguments in his motion to adjudicate lien, neither of which support reducing JDM's fee.

First, plaintiff emphasizes that during JDM's representation, defendants offered only $75,000, whereas, during Montgomery Firm's representation, defendants offered $500,000. This ignores that the $75,000 was merely an initial offer, made in response to an initial demand of $1,800,000, prior to the settlement conference. It should not be surprising that defendants increased their offer at the settlement conference, presumably in response to a reduction in plaintiff's demand. None of that affects the value of JDM's services.

Second, plaintiff claims that the case's intrinsic value, as opposed to work

5

performed by JDM, is what caused defendants to extend the settlement offer. In particular, plaintiff claims that the "major issues here were well established at the January 2015 Lynwood Fire and Police Commission hearing before any significant [JDM] involvement." Mot. 5. But, if plaintiff prevailed, JDM's attorney time would have been compensable as well, see 42 U.S.C. § 1988, so JDM's time literally added to the value of plaintiff's claim. Regardless, it is settled that where "an attorney who has done much work is fired immediately before a settlement is reached, the factors involved in determining a reasonable fee would justify a finding that the entire contract fee is the reasonable value of services rendered." Rhoades, 399 N.E.2d at 975. And it should be beyond dispute that JDM did do "much work": even on a lodestar basis, JDM is entitled to almost all the disputed fees, as we have explained.

  WHEREFORE, lienholder respondent James D. Montgomery & Associates, Ltd. respectfully requests that this Court adjudicate its lien to $166,666.67 in attorney's fees plus $7,208.77 in litigation expenses, for a total of $173,875.44.

                Respectfully submitted,

                JAMES D. MONTGOMERY &
                ASSOCIATES, LTD.

                /s/ John K. Kennedy
                **JAMES D. MONTGOMERY, SR.**
                **JOHN K. KENNEDY**
                JAMES D. MONTGOMERY & ASSOCIATES, LTD.
                One North LaSalle Street, Suite 2450
                Chicago, IL 60602
                (312) 977-0200